UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
  PABLO'S GARAGE, LLC

                            Plaintiff(s),

       vs.

  VOYAGER INDEMNITY INSURANCE COMPANY,
  AND AMERICAN BUSINESS INSURANCE
  SERVICES, INC.

                            Defendants
------------------------------------------------------------------X

**Docket No.:**

**COMPLAINT**

**Jury Trial Demand**

       Plaintiff, PABLO'S GARAGE, LLC by its attorneys, ABOULAFIA LAW FIRM, LLC as and for its Complaint, herein alleges upon information and belief as follows:

## JURISDICTION AND VENUE

       1.    The subject matter jurisdiction of the Court is invoked pursuant to 28 USC §1332(c)(1) as the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States.

       2.    Venue is proper given that the plaintiff is a Limited Liability Corporation whose sole member resides in New York State.

## THE PARTIES

       3.    At all times hereinafter mentioned, plaintiff, PABLO'S GARAGE, LLC (hereinafter "Pablo") is a domestic limited liability corporation with its principal place of business located at 136 Summit Avenue, Montvale, New Jersey 07645.

       4.    At all times hereinafter mentioned, Pablo's sole member is Pablo J. Umansky, who is domiciled at 57 East Willow Tree Road, Spring Valley, New York 10977.

       5.    That Pablo is in the business of renting vehicles and has a possessory interest in the vehicles it rents, including all vehicles hereinafter mentioned.

1

6. At all times hereinafter mentioned, defendant, VOYAGER INDEMNITY INSURANCE COMPANY (hereinafter "Voyager") is a domestic corporation, which is incorporated in the State of Georgia, and has a principal place of business at 260 Interstate North Circle SE, Atlanta, GA 30339 United States.

7. At all times hereinafter mentioned defendant, American Business Insurance Services, Inc. (hereinafter "American") is a domestic corporation, incorporated in the State of California and with a principal place of business at 32133 Lindero Canyon Road, #100 Westlake Village, CA 91361.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT VOYAGER FOR BREACH OF CONTRACT**

8. That Pablo is in the business of renting vehicles to third parties.

9. That prior to August 1, 2019, Pablo had contacted American to procure an insurance policy that would cover each and every vehicle owned by Pablo when it was not actively being rented and was being stored.

10. That on or about on or about August 1, 2019, American procured a policy of insurance on behalf of Pablo to insure numerous motor vehicles owned by Pablo.

11. That the policy procured by American was a policy underwritten by Voyager with policy number FAR3220002 with effective period August 1, 2019, through August 1, 2023 (hereinafter "the policy").

12. That the policy provided comprehensive coverage for physical damage to each vehicle insured under the policy in the amounts of $50,000 per vehicle with a $2,500 deductible.

13. That on or about September 1, 2021, approximately 60 vehicles owned by Pablo were damaged due to Hurricane Ida (the "Hurricane Ida loss").

14. That Pablo made a claim under the policy for coverage for the damages incurred by each vehicle.

15. That Voyager admitted that under the policy each of the 60 vehicles were covered for this loss.

16. That Voyager refused to fully indemnify Pablo for the damages to each vehicle, and cited a Fleet Auto Rental Insurance Change Endorsement, which limited damages to $250,000 per location for any one loss involving multiple covered autos.

17. That said endorsement was added to the policy on October 29, 2021, 58 days after the loss.

18. That said endorsement listed an effective date of change of April 1, 2021.

19. That said endorsement could not retroactively apply to the Hurricane Ida loss, as it was added to the policy after the loss had occurred.

20. That Voyager and Pablo entered into a settlement agreement for this loss, in which Voyager indemnified Pablo to the limits of this endorsement.

21. That said settlement agreement permitted Pablo to bring suit against Voyager for claims related to this endorsement.

22. That this endorsement is null and void as it was executed after the Hurricane Ida loss.

23. That Voyager has failed to indemnify Pablo for the remainder of the damages incurred by Pablo as a result of the Hurricane Ida loss in the amount of at least $1,070,700.

24. That consequently, Pablo seeks a ruling from the Court that the Fleet Auto Rental Insurance Change Endorsement, dated October 29, 2021, is null and void, and that Voyager must

indemnify Pablo for the Hurricane Ida loss in the amounts of the policy limits of $50,000 per vehicle minus a $2,500 deductible, which is at least a total of $1,070,700.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT AMERICAN FOR NEGLIGENCE

25. Plaintiff repeats, reiterates, and realleges each of the allegations contained in paragraphs 1 through 22 of the complaint with the same force as if they were alleged here.

26. That Pablo contacted American with the purpose of acquiring insurance to protect its fleet of vehicles when they were being stored.

27. That Pablo told American, its agents, servants, employees, and/or independent contractors if its desire to procure insurance for its fleet of vehicles when they were being stored.

28. That on or about August 1, 2019, American procured the policy for Pablo on behalf of Pablo.

29. That Pablo was only provided with a copy of the documents and policy in 2019 when the policy was issued.

30. That Pablo was unaware of any changes to the policy after 2019 including the Fleet Auto Rental Insurance Change Endorsement, dated October 29, 2019 with alleged effective date of change April 1, 2021.

31. That Pablo did not sign or approve having this endorsement added to the policy.

32. That had Pablo been advised of this endorsement, he would have sought different insurance coverage.

33. That American did not inform Pablo was this endorsement or any changes to the policy.

34. That American did not discuss any changes to the policy with Pablo.

35. That American knew that Pablo's business required coverage in excess of $250,000 per location for vehicles.

36. That the Hurricane Ida loss caused damage in excess of $250,000 as per this endorsement.

37. That as a result of American's negligence in advising Pablo of this change to the policy, Pablo was unable to obtain sufficient coverage for its vehicles.

38. That as a result of American negligence in approving this endorsement, Pablo's vehicles were underinsured.

39. That as a result of American's negligence, Pablo has not been indemnified for the total damages incurred as a result of the Hurricane Ida loss.

40. That American had a duty to Pablo to provide truthful and accurate information to Pablo regarding any changes to the policy.

41. That as a result of American's negligence, Pablo has suffered damages in excess of $1,070,700.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT AMERICAN FOR CONVERSION

42. Plaintiff repeats, reiterates, and realleges each of the allegations contained in paragraphs 1 through 40 of the complaint with the same force as if they were alleged here.

43. That as part of the settlement agreement Voyager paid Pablo the value of 12 of the damaged vehicles.

44. That when Voyager, its agents, servants, employees, or independent contractors removed the damaged vehicles from Pablo's possession, they removed 18 vehicles, instead of the 12 that were agreed upon due to the settlement agreement.

45. That Voyager did not have the legal rights to the six vehicles they intentionally removed from Pablo's possession.

46. That Pablo had the legal rights to the eighteen vehicles that Voyager removed from its possession, including those that Voyager did not have the right to remove.

47. That as a result of Voyager's taking of the six vehicles it did not have the right to take, Pablo has been damaged in an amount to be determined at trial, which is in excess of $150,000.

**WHEREFORE:** the Plaintiffs demands judgment against Defendants on the First, Second, and Third Causes of Action in the sum of at least $1,070,700, together with interests, costs and counsel fees.

Dated: White Plains, New York
February 6, 2023

*Matthew Aboulafia*
_____
Matthew S. Aboulafia, Esq.
Aboulafia Law Firm LLC
*Attorneys for Plaintiff*
170 Hamilton Ave, Suite 203
White Plains, NY 10601
(212) 684-1422