UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NY STONE MANHATTAN, LLC,

                Plaintiff,

-against-

COWAN LOGISTICS, LLC,

                Defendant.

1:23-cv-01159 (JLR)

**MEMORANDUM**
**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    On February 23, 2023, the Court ordered Plaintiff to show that a proper basis for subject-matter jurisdiction and venue exits in this action.  *See* ECF No. 11.  Plaintiff has failed to do so.  For the following reasons, this case is DISMISSED.

## BACKGROUND

    Plaintiff commenced this action on February 10, 2023 by filing a complaint that incorrectly named the parties in this action and appeared to relate to a different action.  *See* ECF No. 1.  Plaintiff filed a corrected Complaint on February 13, 2023.  *See* ECF No. 5 ("Compl."). This Court, by order dated February 14, 2023, found that Plaintiff failed to properly allege the citizenship of all parties for purposes of diversity of citizenship and file a Rule 7.1 Disclosure Statement.  *See* ECF No. 9.  The Court therefore ordered Plaintiff to provide all necessary information to establish subject-matter jurisdiction and a completed version of the Southern District of New York's Rule 7.1 Disclosure Statement.  *See id*.  On February 15, 2023, Plaintiff filed a very brief document captioned "Rule 7.1 Disclosure Statement."  ECF No. 10.

    By order dated February 23, 2023, the Court found that Plaintiff still had not properly alleged the citizenship of *any* party – Plaintiff or Defendant.  *See* ECF No. 11.  The Court also found that the Complaint did not establish any basis for venue in the Southern District of New

1

York, and that Plaintiff had failed to file the Southern District of New York's Rule 7.1 Disclosure Statement as ordered by the Court.  *See id*.  The Court afforded Plaintiff "one more opportunity" to establish subject-matter jurisdiction by March 2, 2023, and further ordered Plaintiff to show cause by March 2 why venue is proper in the Southern District of New York and to file a completed version of the Southern District of New York's Rule 7.1 Disclosure Statement.  *See* ECF No. 11.  The Court warned that failure to allege a good-faith basis for diversity jurisdiction and venue by that date would result in dismissal, without further notice to the parties.  *See id*.  On February 28, 2023, Plaintiff filed a letter and supporting affidavit, along with the proper Rule 7.1 Disclosure Statement.  *See* ECF Nos. 12, 13.

## DISCUSSION

Plaintiff's February 28 supplemental submissions do not contain the necessary prerequisites for this Court to exercise subject-matter jurisdiction here.  With respect to Defendant's citizenship, Plaintiff alleges merely that, "[u]pon information and belief, the defendant is a citizen of Maryland."  ECF No. 13.  As the Court stated in its previous orders, "[a] limited liability company is deemed to be a citizen of each state of which its members are citizens."  ECF No. 9 (citing *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000)).  "That means that, 'if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.'"  *Id.* (quoting *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020)).  Plaintiff alleges in its Complaint that Defendant Cowan Logistics, LLC is a "foreign limited liability corporation" but, as the Court made clear in its prior orders, Plaintiff has failed to name and state the citizenship of any of Defendant's members.  Compl. ¶ 5; *see* ECF No. 11.

After being ordered to do so by the Court twice, Plaintiff still has not provided the name and citizenship of *any* of Defendant's members. Therefore, Plaintiff has not satisfied its burden of establishing diversity of citizenship and the Court lacks subject matter jurisdiction to proceed with this action. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (stating that the "party asserting federal jurisdiction bears the burden of establishing jurisdiction" and that courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence" (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)).

As an alternative basis for dismissal, the Court also finds that Plaintiff has failed to establish that venue is proper in the Southern District of New York. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the Complaint alleges that "[v]enue is proper given that plaintiff is a Limited Liability Corporation who has a member resides [sic] in New York State." Compl. ¶ 2. However, as the Court stated in its previous order, "a plaintiff's residency is not a proper basis for venue under 28 U.S.C. § 1391(b)." ECF No. 11.

Plaintiff's February 28 supplemental submissions do not show that venue is proper in this District. Rather, Plaintiff's submissions discuss the "Rules for the Division of Business Among District Judges" in the Manhattan and White Plains Courthouses within the Southern District of

New York, not the propriety of venue under 28 U.S.C. § 1391(b).  ECF No. 13.  Plaintiff then concludes that "[s]ubject-matter is appropriate in the Southern District" because Plaintiff is a citizen of New York.  *Id*.  In support, Plaintiff cites a single case and that case does not discuss 28 U.S.C. § 1391(b) or venue.  *See id*. (citing *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)).  As the Court previously held, Plaintiff's residence in New York is not a proper basis for venue.  *See* ECF No. 11; *see, e.g.*, *Sumter v. Keith*, No. 21-cv-03723, 2021 WL 7287629, at *4 (S.D.N.Y. Oct. 25, 2021) ("Contrary to Plaintiff's argument that venue is proper because she lives in New York, the residence of the plaintiff is irrelevant to the venue analysis."); *Madison v. Alves*, 746 F. Supp. 2d 450, 453 (W.D.N.Y. 2010) ("Significantly, a plaintiff's residence is irrelevant in determining venue under [28 U.S.C. § 1391(b)].").

Accordingly, Plaintiff has failed to establish a proper basis for venue in the Southern District of New York.  *See, e.g.*, *Strickland v. Hegedus*, No. 19-cv-6763L, 2022 WL 2306976, at *4 (W.D.N.Y. June 27, 2022) (dismissing action for improper venue because the "sole ground for bringing the action in this district" was the plaintiff's residence, which "is not a proper basis for venue under § 1391").

## CONCLUSION

Accordingly, it is hereby ORDERED that this case is DISMISSED without prejudice for failure to establish a proper basis for subject matter jurisdiction and venue.  The Clerk of Court is respectfully directed to CLOSE this case.

Dated: March 1, 2023
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge